**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5694-18

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

SHIRLENE FOAT-LEITH,

 Defendant-Appellant.

_____

Submitted January 19, 2021- Decided April 28, 2021

Before Judges Messano and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 14-03-0260.

Joseph E. Krakora, Public Defender, attorney for appellant (Marc J. Friedman, Designated Counsel, on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (David M. Liston, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Shirley Foat-Leith appeals the denial of her application for post-conviction relief following an evidentiary hearing. For the reasons set forth below, we affirm.

I.

We incorporate the procedural and factual history from our opinion on the direct appeal. State v. Foat-Leith, No. A-4790-14 (App. Div. Apr. 26, 2017) (slip op. at 1–4).

Middlesex County Prosecutor's Office Narcotics Task Force (NTF) members were surveilling a location in New Brunswick. Defendant, co-defendant, Leonard Denson, and his sister, Tonya Denson, were standing in front of a house located within 1,000 feet of a school. Lieutenant Steven Weitz observed defendant remove a plastic bag from her handbag and place it on a retaining wall. Based on the way defendant handled the bag, Weitz believed it contained some type of can. Weitz radioed other officers to approach the group. Leonard Denson fled on foot, and Weitz saw defendant take the plastic bag and throw it on the lawn. When Weitz arrived on scene, he told New Brunswick Police Detective Dean Dakin, who was standing near defendant, to retrieve the plastic bag. Inside the bag was a "stash can" with a top that screwed on and off. Dakin found six bags of cocaine and 180 packs of heroin, packaged into three

"bricks" of fifty packs each wrapped in magazine paper, along with thirty loose packs at the bottom of the can. Police arrested defendant and found $701 in varying denominations in her handbag.

Amongst other witnesses, the State called Daniel Muntone, an agent in the Prosecutor's Office, as an expert witness in street level narcotics distribution, packaging and sales. Agent Muntone testified extensively regarding various aspects of street level drug trafficking. The State's expert forensic chemist testified that the substances recovered from the scene of defendant's arrest were heroin and cocaine. Defendant elected not to testify at trial and called no witnesses.

Defendant was convicted by a jury of third-degree possession of heroin, N.J.S.A. 2C:35-10(a)(1); third-degree possession of heroin with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(3); third-degree possession of heroin with intent to distribute within 1,000 feet of school property, N.J.S.A. 2C:35-5(a) and N.J.S.A. 2C:35-7; third-degree possession of cocaine, N.J.S.A. 2C:35-10(a)(1); third-degree possession of cocaine with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(3); and third-degree possession of cocaine with intent to distribute within 1,000 feet of a school property, N.J.S.A. 2C:35-5(a) and N.J.S.A. 2C:35-7. After appropriate mergers, the judge

3

granted the State's motion for a mandatory extended term pursuant to N.J.S.A. 2C:43-6(f), and imposed two concurrent ten-year terms of imprisonment with five-year terms of parole ineligibility.

On direct appeal, we affirmed defendant's conviction, finding no plain error where the trial judge permitted use of defendant's unsanitized theft conviction for impeachment purposes, finding harmless error where Agent Muntone expressed his opinion on whether defendant possessed cocaine and heroin with the intent to distribute them, and finding no abuse of the trial judge's sentencing discretion. Foat-Leith, (slip op. at 6–7, 15–18). The Supreme Court denied certification. State v. Foat-Leith, 231 N.J. 226 (2017).

II.

Defendant filed a PCR motion and raised several issues. In her two PCR certifications, she alleged her trial counsel failed to file motions to reveal the surveillance location and the identity of the confidential informant. She further alleged that she was not called to testify in her own defense, and finally that certain witnesses were not called. The PCR judge granted an evidentiary hearing, which took place over three days, January 19, May 30, and June 27, 2019.

The PCR judge found trial counsel filed a successful motion to compel the State to disclose the surveillance location used during defendant's arrest. The

A-5694-18

PCR judge also found trial counsel's election not to file a motion to compel identification of the State's confidential informant was a reasonable trial tactic where the record showed the informant played no role in the State's case against defendant.

Next, the PCR judge rejected a claim by defendant that she had been unconstitutionally denied an opportunity to testify at her trial. The PCR judge found the trial record reflected an adequate Fifth Amendment colloquy between the trial judge and defendant, where the trial judge informed defendant the decision to testify was hers alone. The PCR judge noted defendant failed to raise this issue on direct appeal, and concluded this argument was not properly before the PCR court.

The PCR judge then addressed the defense argument that certain witnesses were not called by counsel during the defense case. The potential defense witnesses were Stacy Palumbo, Tonya Denson, Robert Dukes and Sylvia Foley. The PCR judge addressed the witnesses in turn.

The PCR judge found Stacy Palumbo was a witness at the scene of defendant's arrest. Trial counsel testified at the PCR hearing that she made an election not to call Palumbo for three reasons: her difficulty in tracking her down prior to trial, Palumbo's stated desire not to get involved, and counsel's belief,

5

based on her investigation, that Palumbo had credibility problems as a witness. The judge found trial counsel's election not to call Palumbo was reasonable, and not ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 694 (1984). Next, the PCR judge found Tonya Denson did not testify at the PCR hearing, nor did she provide a certification. The PCR judge concluded that there was no evidence in the record from which he could find that Denson's potential testimony would have benefitted defendant.

Robert Dukes testified at the hearing that the $701 in cash found in defendant's possession was rent money. The PCR judge found persuasive trial counsel's reasons for not calling Dukes; he was hard to reach in preparation for trial, and his rent money explanation was not strong due to absence of any lease documentation and the expert testimony from Agent Montone positing the large amount of cash in defendant's possession was related to a drug transaction. The PCR judge found trial counsel's decision not to call Dukes reasonable trial strategy and concluded there was no ineffective assistance of counsel.

PCR counsel next argued trial counsel should have called Sylvia Foley as an exculpatory witness. Foley testified at the PCR hearing that she saw co-defendant Leonard Denson throw the bag containing the drugs, not defendant. Foley testified that she was sober at the time of the PCR hearing in 2019, but in

6

2015, at the time of trial, she was addicted to substances. In 2015 Foley did not have stable housing and was reluctant to invite investigators to her mother's home, where she occasionally stayed. She admitted at the PCR hearing that she was reluctant to testify at the time of trial. Trial counsel testified at the PCR hearing that she had difficulty reaching Foley, and ultimately decided not to call her as a witness due to a combination of unavailability and credibility challenges. The PCR judge found Foley had multiple prior convictions with which she could have been impeached at trial. The PCR judge, evaluating Foley as a witness in 2015 at the time of trial, as well as considering trial counsel's comprehensive PCR testimony, deferred to counsel's decision not to call Foley as a witness. He found that the decision "made perfect sense" and was consistent with defendant's theory of the case, which was that there was "inadequate evidence to convict." After reviewing the lengthy and detailed testimony from the witnesses and considering the briefs submitted and extensive oral argument from both sides, the PCR judge, in a comprehensive oral opinion, found defendant did not meet her burden to show ineffective assistance of counsel on any of the theories presented, and denied the motion. Defendant makes the following argument on appeal:

A-5694-18

POINT I.

Defense Counsel's Failure to Call Any Witnesses to Testify Rendered Her Representation Ineffective

III.

Our Supreme Court has established the standard of review in PCR cases where the court held an evidentiary hearing:

> In reviewing a PCR court's factual findings based on live testimony, an appellate court applies a deferential standard; it "will uphold the PCR court's findings that are supported by sufficient credible evidence in the record." Indeed, "[a]n appellate court's reading of a cold record is a pale substitute for a trial judge's assessment of the credibility of a witness he has observed firsthand." However, a "PCR court's interpretation of the law" is afforded no deference, and is "reviewed de novo." "[F]or mixed questions of law and fact, [an appellate court] give[s] deference to the supported factual findings of the trial court, but review[s] de novo the lower court's application of any legal rules to such factual findings."
>
> [State v. Pierre, 223 N.J. 560, 576–77 (2015) (citations omitted).]

When petitioning for PCR, a defendant must establish he is entitled to relief "by a preponderance of the evidence." State v. O'Donnell, 435 N.J. Super. 351, 370 (App. Div. 2014) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)). We

8

analyze ineffective assistance of counsel claims by using the two-prong test established by the Supreme Court in Strickland. See Preciose, 129 N.J. at 463; see also State v. Fritz, 105 N.J. 42, 58 (1987). The first prong of the Strickland test requires a defendant to establish counsel's performance was deficient. Preciose, 129 N.J. at 463. "The second, and far more difficult, prong is whether there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. at 463–64 (quoting Strickland, 466 U.S. at 694).

There exists a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Strickland, 466 U.S. at 689. Further, because prejudice is not presumed, defendant must demonstrate how specific errors by counsel undermined the reliability of the proceeding. State v. Drisco, 355 N.J. Super 283, 290 (App. Div. 2002) (citing U.S. v. Cronic, 466 U.S. 648, 659 (1984)).

"[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." State v. Chew, 179 N.J. 186, 217 (2004) (alteration in original) (quoting Strickland, 466 U.S. at 691). Our Supreme Court has noted that "[d]etermining which witnesses to call to the stand is one of the most difficult strategic decisions any trial

attorney must confront."  State v. Arthur, 184 N.J. 307, 320 (2005).  "[L]ike other aspects of trial representation, a defense attorney's decision concerning which witnesses to call to the stand is 'an art,' and a court's review of such a decision should be 'highly deferential.'"  Id. at 321 (quoting Strickland, 466 U.S. at 693).

The PCR judge's finding that defendant failed to satisfy the first prong of Strickland was supported by substantial credible evidence in the record.  We review the PCR judge's findings of fact with great deference.  Pierre, 223 N.J. at 576–77.  This deference is particularly merited where the trial strategy being questioned is whether defense counsel should call witnesses.  Arthur, 184 N.J. at 321.  We see no basis in the record to disturb the PCR judge's cogent and well reasoned decision.  Any arguments not addressed here are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5694-18